UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| SHELBY GAIL HEIFETZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MONAS BURGERS CLAYTON LLC.,<br><br>　　　　Defendant. | Case No. 19-cv-02392-LB<br><br>**ORDER DENYING THE PLAINTIFF'S MOTION FOR RECONSIDERATION AND TERMINATING AS MOOT THE DEFENDANT'S PROVISIONAL MOTION**<br><br>Re: ECF Nos. 94 & 100 |

## INTRODUCTION

Plaintiff Shelby Heifetz sued defendant Mona's Burgers for violating the Americans with Disabilities Act of 1990 (ADA), California's Unruh Civil Rights Act, and other state statutes after she was unable to navigate the restaurant safely or get to the restroom reasonably.[1] Ultimately she accepted the defendant's Rule 68 offer of judgment of $8,001 and moved for attorney's fees of $44,150 and expert costs of $4,193.75.[2] The court awarded the expert costs of $4,193.75, and it also awarded $3,156.75 (90 percent of $3,507.60) for work on the pleadings and $3,400.53 (95 percent of $3,579.50) for mediation, for a total award of $10,751.03.[3] The plaintiff moved for

---

[1] Second Am. Compl. – ECF No. 32. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Notice of Acceptance – ECF No. 61; Motion for Attorney's Fees – ECF No. 78.

[3] Order – ECF No. 93.

ORDER – No. 19-cv-02392-LB

reconsideration of the fees order under Federal Rule of Civil Procedure 60(b). The court can decide the motion without oral argument, *see* N.D. Cal. Civ. L. R. 7-1(b), and denies the motion.

## ANALYSIS

Under Rule 60(b),

> the court may relieve a party. . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b); *Soares v. Lorono*, No. 12-cv-05979-WHO, 2015 WL 3826795, at *1 (N.D. Cal. Jan. 12, 2015) (reconsideration of fees order is addressed under Rule 60(b)).

The short version of the plaintiff's reconsideration motion is that the court relied only on the defendant's characterization of the case and thereby picked the wrong side.[4] That was not the basis for the court's fees order. One, the court did not allow fees for the plaintiff's amending the complaint to fix its deficiencies.[5] Two, after the defendant's round-two motion to dismiss, the court — based on the parties' filings — concluded that the claims were outlier claims that were (essentially) frivolous. Also, the defendant offered to remediate the barriers at the outset of the litigation, actually remediated most of them, and was fixing the two doors at issue. The defendant's comprehensive submissions — during the motions practice, in support of the opposition to the fees motion, and in response to the Rule 60(b) motion — established these points. Also, the court understood this from the parties' arguments at the hearing on the motion to dismiss. Consistent with the spirit of General Order 56, the court thus postponed any amended complaint until after mediation to keep costs and fees down.[6]

As a result of that fact context, the court allowed all fees (with modest adjustments) for the initial pleadings and mediation, and it did not allow fees for any other work because counsel's work was

---

[4] Mot. – ECF No. 94 at 3–10.

[5] Order – ECF No. 93 at 2–3.

[6] *Id.*

unnecessary and not compensable. The plaintiff has not provided any basis to reconsider the fees order based on mistake, inadvertence, surprise, excusable neglect, or newly discovered evidence.

The court denies the motion for reconsideration.

Given this ruling, the court does not reach the defendant's provisional motion to correct the clerical error. That motion sought relief "only if the Court grants Plaintiff relief on her corresponding Motion for Relief at ECF 94."[7]

This disposes of ECF Nos. 94 and 100.

**IT IS SO ORDERED.**

Dated: March 29, 2021

_____
LAUREL BEELER
United States Magistrate Judge

---

[7] Mot. – ECF No. 100 at 1–2.